93 U.S. 631
 23 L.Ed. 993
 DONALDSON, ASSIGNEE,
v.
FARWELL ET AL.
 October Term, 1876
 
 ERROR to he Circuit Court of the United States for the Eastern District of Wisconsin.
 Emanuel Mann, a merchant doing business at Richfield, a small village on the St. Paul Railway, filed, May 24, 1872, his petition, in the District Court of the United States for the Eastern District of Wisconsin, to be declared a bankrupt. He was duly adjudged a bankrupt the sixth day of June then next ensuing, and the plaintiff was, on the first day of the following July, appointed his assignee.
 In the month of April of that year the defendants sold, at Chicago, to Mann, on credit, merchandise amounting in value to $5,000. The last of the invoices bears date the 17th of that month. His son was the agent in making the purchase, and directed the goods to be shipped to Milwaukee, stating that it was his intention to have them hauled from there to Richfield. He knew that his father was then, and for two or three years before had been, insolvent, and he testified, on the trial, that at the time of the purchase he did not expect that his father would pay for the goods, that he did not expect to pay for them himself, and that his object in having them sent to Milwaukee was to place them in the hands of one Schram, in order that they should be there disposed of and the proceeds paid to some creditors of his father, who had sold him produce and advanced him money. The goods were shipped to 'E. Mann, Milwaukee,' conformably to the directions. They were, on their arrival, sent to Schram's store. Mann was reputed to be solvent. The defendants had no notice of his insolvency until the last days of May. On the 5th of June, ascertaining that a large quantity of the goods was in the loft of a store in Milwaukee, they took possession of them. They subsequently found the remaining goods, with the exception of $100 in value, in the store of Mann, at Richfield, and, after formally demanding them of the assignee, took and shipped them to Chicago. This action is brought by the assignees to recover the value of them.
 The court gave the jury a general charge, to the following parts of which the plaintiff excepted:——
 'The sale made by the defendants passed the title in the property to the bankrupt, but it passed a defeasible title; that is to say, it could be rendered inoperative as the instance of the vendors, Farwell & Co.
 'If the bankrupt retained the property at the time of the filing of the petition in bankruptcy, the title passed to the assignee, and, as we think, the weight of authority is it passed as defeasible and not as an absolute title, with the right still on the part of the vendors to reclaim the property, provided it was done within a reasonable time after the sale, and after knowledge of the fraud which had been perpetrated.'
 There was a verdict for the defendants. Judgment having been rendered thereon, the assignee sued out this writ of error.
 Argued by Mr. W. P. Lynde for the plaintiff in error.
 There was in this transaction no artified to mislead the vendor, and no false pretences; consequently there was no fraud. Whittaker v. Shackleton, 10 Ch. App. Ca. 449; Backentoss v. Spicker, 31 Penn. St. 326. While an intention not to pay is dishonest, it is not fraudulent. 6 Watts, 34; 6 Wend. 81. The vendor has his remedy by an action on the contract.
 Nor does insolvency make a sale voidable after delivery of the goods sold. 6 Wend. 81; 2 Mason, 240.
 Mann was the owner of these goods at the time the bankruptcy proceedings were commenced, and could have sold them and given a perfect title. His title was absolute, and became vested in his assignee under the fourteenth section of the Bankrupt Act.
 Even if the purchase was fraudulent, the vendor had neither a legal nor an equitable right in the property until he had annulled the contract of sale. He had a mere jus ad rem. Having taken no steps to annul the contract and reclaim the goods until after the commencement of proceedings in bankruptcy, by which all the rights of property, with all the power and authority of the bankrupt over it, had passed to the assignee, the vendor could no longer rescind.
 The assignee stands in the position of a bona fide purchaser, and his title is not subject to be defeated by any action by the vendor of the bankrupt. Archbold on Bankruptcy, 202; Milwood v. Forbes, 3 Esq. 171; Sinclair v. Stevenson, 10 Moore, 46; 2 Bing. 514; Haswell v. Hunt, 59 T. R. 231; Bank of Leavenworth v. Hunt, 11 Wall. 391.
 Mr. E. Mariner, contra.
 MR. JUSTICE DAVIS delivered the opinion of the court.
 
 
 1
 The instructions present the questions of law arising upon the facts which this controversy involves. The doctrine is now established by a preponderance of authority, that a party not intending to pay, who, as in this instance, induces the owner to sell him goods on credit by fraudulently concealing his insolvency and his intent not to pay for them, is guilty of a fraud which entitles the vendor, if no innocent third party has acquired an interest in them, to disaffirm the contract and recover the goods. Byrd v. Hall, 2 Keyes, 647; Johnson v. Monell, id. 655; Noble v. Adams, 7 Taunt. 59; Kilby v. Wilson, Ryan & Moody, 178; Bristol v. Wilsmore, 1 Barn. & Cress. 513; Stewart v. Emerson, 52 N. H. 301; Benjamin on Sales, sect. 440, note of the American editor, and cases there cited.
 
 
 2
 Here the vendors exercised the right of rescission shortly after the sale in question, and as soon as they obtained knowledge of the fraud. If, therefore, this controversy were between Mann and them, it is clear that he would not be entitled to recover.
 
 
 3
 The assignment relates back to the commencement of the proceedings in bankruptcy, and vests, by operation of law, in the assignee the property of the bankrupt, with certain specified exceptions, although the same be then attached. It also dissolves any attachment made within four months next preceding the commencement of the proceedings. If there be no such liens, and the property has not been conveyed in fraud of creditors, he has no greater interest in or better title to it than the bankrupt. Only the defeasible title of the latter to the goods in controversy passed to the assignee, and it was determined by a prompt disaffirmance of the contract.
 
 
 4
 Judgment affirmed.