## IN THE MATTER OF WALRUP, Bankrupt.

*(Circuit Court, E. D. Missouri.    March 20, 1880.)*

SALE—FALSE PRETENCES—RATIFICATION.—The refusal of a vendor to take back goods obtained by false pretences, in order to obtain a preference over other creditors, amounts to a ratification of the sale.

In bankruptcy.    Appeal from district court.

*Jacob Klein,* for assignee.

*Patrick & Frank,* for petitioners.

McCRARY, J. This is a petition filed by J. Weil & Bro. praying an order against the assignee of John Walrup, bankrupt, directing him to return to petitioners certain dry goods sold and delivered by them to the bankrupt prior to the commencement of the bankruptcy proceedings. This order is asked upon the ground that the goods in question were obtained by the bankrupt from the petitioners by means of false representations as to his financial condition. There is some doubt upon the question whether the proof shows that the bankrupt obtained the goods, not intending to pay for them, and this, according to the ruling of the supreme court in *Donaldson, Assignee,* v. *Farwell,* 93 U. S. 631, must appear. It is not, however, necessary to go into the proof upon that question, for the case may well be determined upon another point. It is very clear that the vendor, who has been induced by fraudulent and false representations to part with the goods, must, upon discovering the fraud, promptly disaffirm the contract in order to be entitled to a return of the property. In this case it appears, from the report of the register, that the petitioners not only did not comply with this requirement of the law, but that they failed to take back the goods when the bankrupt offered to return them. The register, in his report, says:

"The facts appear to be that on receiving notice from the debtor of the proposed meeting of creditors for the purpose of securing an extension, as heretofore stated, one of the members of petitioners' firm called in person upon the debtor, *who then made a proposal to return the goods,* they then being, as now, in unbroken packages; and after some parley between the parties no final action was taken."

The character of this parley we may gather from the further facts stated by the register, that "there is some evidence tending to show that at the time of this interview the petitioners endeavored to secure from the debtor some arrangement by which their claim would be protected," etc. I have no doubt that an attempt to secure the debt, or to obtain a preference, after knowledge of the fraud, would amount to an affirmance of the sale, even if not accompanied by a refusal

to take back the goods. It is apparent, that when this offer to return the goods was made, the petitioners knew that the bankrupt had misrepresented his financial condition in order to obtain them. The fact of his offering to return the goods, in connection with his calling a meeting of his creditors and acknowledging his insolvency, was enough to advise the petitioners that the representations he had made to them were false. It was their duty, therefore, to accept the offer when made, and they failed to do so at their peril. If they failed to accept them for any reason except ignorance of the facts it was an affirmance of the sale, and, *a fortiori*, it was an affirmance if they refused in order to continue negotiations for securing a preference.

The judgment of the district court, denying the prayer of the petition, is affirmed.