### In re LEVI & PICARD.

(District Court, S. D. New York. October, 1906.)

BANKRUPTCY—PETITION TO RECLAIM PROPERTY—SUFFICIENCY.

A petition by one who sold goods to a bankrupt firm during several months prior to its bankruptcy, seeking to rescind the sales for fraud and to reclaim all of the goods remaining, will not be considered and referred for hearing, under the peculiar circumstances of the case, unless it not only alleges all the facts necessary to entitle the petitioner to rescind, but also sets out all the transactions and describes the goods in detail.

In Bankruptcy. On petition of American Woolen Company for reclamation of certain goods in possession of the receiver.

For former opinion, see 148 Fed. 654.

Hays & Hershfield (Ralph Wolf, of counsel), for the motion.
James, Schell & Elkus (James N. Rosenberg, of counsel), opposed.

HOUGH, District Judge. Viewing the petition in reclamation as a pleading, it seems to me obvious that it should contain all the allegations necessary to sustain a complaint in trover and conversion, or required by the strictest practice in an affidavit for replevin. This petition rests upon the attempted rescission of a contract which, in the language of the pleader, the American Woolen Company "does now elect to rescind." The ground of rescission is that the contract in question (i. e., a contract of sale) was induced by a false statement of solvency made by the bankrupts to the petitioners, upon which statement the petitioners relied. These facts, if true, are obviously insufficient to warrant a rescission. It must be further alleged and proved as a part of the fraudulent action of the bankrupts that at the time of making the contract of sale, now sought to be rescinded, they did not intend to pay for the goods received in pursuance of said contract. Considering the manner in which this question is brought to the attention of the court, I think the petition should be treated as a pleading objected to by general demurrer.

Under such circumstances every allegation of the complaint is to receive its most favorable intendment for the pleader, and I therefore hold that the statement in the eleventh article of the petition, to the effect that at all times between the 6th of December, 1905, and the

6th of September, 1906, Levi & Picard received goods from the petitioner "with intent to defraud the petitioner," and "concealed the fact of their said insolvency from your petitioner for the purpose of defrauding your petitioner," as a sufficient allegation of intent not to pay. This proceeding is brought, however, in a court having the lawful physical possession of the goods in question, or some of them. The recaption of these goods by the vendor at this stage of the proceeding is a very serious interference with a profitable realization of the bankrupt's assets, and is to be granted only upon equitable considerations to be applied to the circumstances of each case. The facts attending this particular bankruptcy are peculiar. It is needless to recapitulate them, further than to say that the insolvency of the firm came as a surprise, not only to the trade, but, as I believe, to the bankrupts themselves. This petition apparently asks for the return of all goods (found in the receiver's possession) delivered by the woolen company to the bankrupts during a space of nine months. In order to validate a rescission under such circumstances, the referee who tries this reclamation must believe that during all that considerable length of time every piece of dry goods ordered by the bankrupts from the woolen company was so ordered with a contemporaneous intent not to pay for the same.

With this legal necessity obviously existing, I do not consider it equitable to grant the usual order, until the petitioner has much more fully explained to the court, and under oath, the history of those transactions between itself and the bankrupts which are now sought to be rescinded. The application for reclamation will therefore be denied, unless within 10 days from this date the petitioner files as a portion of its moving papers an affidavit, verified by one of its officers, setting forth in detail: First, each sale made by it to the bankrupts between December 6, 1905, and September 6, 1906, showing (a) what goods were sold and delivered; (b) what was the price of the goods so sold and delivered; (c) how much, if any, of said price has been paid by the bankrupts to the woolen company; and, second, showing to what sale item each item of goods now in the possession of the receiver belongs; that is, when each piece of goods now sought to be reclaimed was sold and delivered. This direction is given on the assumption that the petitioner has had an inspection of the goods in the receiver's possession. If no such inspection has been had, one may be granted by the receiver without further direction from the court.

Upon the filing of such affidavit the papers may again be brought to my attention, and I will take the matter up de novo. If no such affidavit be filed within the time now set, an order of course may be entered, denying the application for reclamation.