In re AMERICAN KNIT GOODS MFG. CO.

(Circuit Court of Appeals, Second Circuit. July 2, 1909.)

No. 232.

1. SALES (§ 104*)—RESCISSION—RETURN OF BENEFITS.

A seller is only required to return benefits as a condition precedent to a rescission of the sale for misrepresentations, in an action at law when the rescission is the act of the seller; no such return being required where the rescission is asked of a court of equity, since in that case all equities will be protected by the decree.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 271–273; Dec. Dig. § 104.*]

2. SALES (§ 43*)—RESCISSION—MISREPRESENTATION—INTENT.

Misrepresentation of a material fact on which a seller relies in making a sale is ground for rescission, though the misrepresentation was innocent.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 87; Dec. Dig. § 43.*]

3. SALES (§ 46*)—RESCISSION—FINANCIAL STATEMENT—"QUICK ASSETS."

Where a corporation credit statement recited that the present mortgages did not cover any of the "quick assets" of the company, amounting to $635,165.35 in cash, merchandise, accounts receivable, etc., which, together with equities in real estate and machinery of $194,775.01, made the total assets $829,940.36, the term "quick assets" was used merely to distinguish liquid assets from those permanently invested in the business, like real estate and machinery, and included amounts charged against officers for return of part of salaries paid them in a previous year, in accordance with the agreement of employment.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 95; Dec. Dig. § 46.*

Misrepresentation and concealment by vendee of goods as to financial condition as affecting validity of contract of sale, see note to William Openhym & Sons v. Blake, 87 C. C. A. 126.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. SALES (§ 52\*)—RESCISSION—BURDEN OF PROOF.**

In a proceeding against a bankrupt's estate to recover merchandise on rescission of a contract of sale for alleged misrepresentation in a financial statement of the bankrupt's assets, the burden was on petitioner to show that the statement contained a material misrepresentation of fact on which petitioner relied.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 123; Dec. Dig. § 52.\*]

**5. SALES (§ 52\*)—RESCISSION—FINANCIAL STATEMENT—FALSITY.**

A court could not infer that a bankrupt's financial statement used as a basis for credit was false on February 28, 1905, because the bankrupt's assets realized very much less than the amounts called for in the statement when they came into the possession of the receiver in bankruptcy in August following.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 144; Dec. Dig. § 52.\*]

Petition to Review and Appeal from Order of the District Court of the United States for the Eastern District of New York.

In the matter of the American Knit Goods Manufacturing Company, a bankrupt. On petition of Harding, Whitman & Co. for rescission of certain contracts of sale, and for the return of merchandise delivered to the bankrupts thereunder. The District Court denied the relief prayed (155 Fed. 906), and petitioner filed a petition to review, and appealed. Affirmed.

Hyman & Campbell (Thomas Thacher, of counsel), for appellants.

James, Schell & Elkus (Robert P. Levis, of counsel), for trustee respondent.

Einstein, Townsend & Guiterman, for bankrupt respondent.

Before LACOMBE, COXE and WARD, Circuit Judges.

WARD, Circuit Judge. This is a reclamation proceeding in bankruptcy. November 19, 1904, Harding, Whitman & Co., the petitioners, contracted to deliver to the American Knit Goods Manufacturing Company, the bankrupt, 150,000 pounds of worsted yarns in certain quantities in certain months. The yarn could not be spun until the Knit Goods Company furnished the necessary specifications. April 11, 1905, they made another contract for delivery of Oxford cotton yarn, and May 3d a third contract for delivery of B.B. cotton yarn. In February, 1905, the Knit Goods Company began negotiations for a reduction of the quantity of yarn to be delivered under the contract of November 19th. Harding & Co. took the position that the Knit Goods Company, because of failure to furnish the necessary specifications for the delivery of the amounts agreed on, was in default. During the pendency of these negotiations the Knit Goods Company, finding a readjustment of its affairs necessary, issued a statement to its creditors dated March 17, 1905, of its financial condition as of February 28th, and Katzenburg, one of its officers, handed it to Harding & Co.'s credit manager, accompanied by a memorandum of explanation. The statement showed as to assets an equity in real estate and machinery of $194,775.01 and other assets aggregating $635,165.35. The memorandum which accompanied the statement contained the following clause:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

173 F.—31

"The present mortgages do not cover any of the quick assets of the company amounting to $635,165.35 in cash, merchandise, accounts receivable, etc., which together with its equities in the real estate and machinery of $194,775.01 makes a total asset of $829,940.36."

These two papers were discussed by Harding & Co.'s credit manager and Katzenburg, in relation to the proposed modification of the contract of November 19, 1904. April 3, 1905, in reliance upon the statement of March 17, 1905, Harding & Co. agreed to modify the contract of November 19th, so as to reduce the quantity of yarn to be delivered to 75,000 pounds and made the other two contracts for delivery of cotton yarn dated April 11th and May 3d. August 7, 1905, a petition in bankruptcy was filed against the Knit Goods Company and it was adjudicated a bankrupt October 3d. All the worsted yarn delivered under the contract of November 19, 1904, prior to its modification April 3, 1905, had been paid for. Subsequent to the latter date yarn of the invoice value of $13,974.88 was delivered on which there was due a balance of $10,788.68. All the yarn on the contract of April 11th was delivered and paid for except the sum of $50.26. On the cotton yarn contract of May 3d there was due for cotton yarn delivered a balance of $4,441.27.

There was found in the hands of the receiver yarn delivered under these three contracts which had not been paid for as follows:

Worsted yarn under the contract of November 19, of the invoice value of.............................................................$8,358.69
Cotton yarn under the contract of April 11 of the invoice value of....    50.26
Cotton yarn under the contract of May 3 of the invoice value of......  4,441.27

The petitioners instituted these proceedings to have the three contracts rescinded, the unpaid-for yarn in the hands of the receiver returned to them, the balance of their claim for yarn unpaid for to be proved against the estate. The trustee objects that the petitioners are not entitled to rescission because they have not returned or offered to return what they have received from the bankrupt. This would be true in an action at law where the rescission was the act of the party, but it is not so in equity where rescission is asked for of the court. In the latter case all equities will be protected in the decree. Allerton v. Allerton, 50 N. Y. 670; Vail v. Reynolds, 118 N. Y. 297, 302, 23 N. E. 301.

The trustee also claims that the petitioners are not entitled to rescission because there is no evidence of any intentional misrepresentation by the bankrupt or its officers. This at least in equity is not necessary. The misrepresentation of a material fact upon which the other party relies, even if innocent, is good ground for rescission. Hammond v. Pennock, 61 N. Y. 145; Carr v. National Bank & Loan Co., 167 N. Y. 379, 60 N. E. 649, 82 Am. St. Rep. 725; Smith v. Richards, 13 Pet. 26, 36, 10 L. Ed. 42; Doggett v. Emerson, 3 Story, 700, Fed. Cas. No. 3,960; Kell v. Trenchard, 142 Fed. 16, 23, 73 C. C. A. 202.

We have accordingly to inquire whether there was in the statement of March 17th any misrepresentation of a material fact as to the financial condition of the Knit Goods Company of February 28th. The petitioners insist strenuously that the description in the memorandum accompanying the statement of March 17, 1905, of assets other than

the equity in real estate as "quick," amounts to a representation that these assets could be promptly realized at the stated amounts. The trustee, on the other hand, claims that the word "quick" was used merely to distinguish liquid assets from those permanently invested in the business, like real estate and machinery. Katzenburg, who prepared the statement and handed it to and discussed it with the petitioners' credit manager, says that is what he meant by the expression. We adopt this construction of the word as more reasonable than the construction contended for by the petitioners.

The petitioners further strenuously contend that, because the master in one of his findings stated that there was no "sufficient conclusive evidence" that the value of the merchandise on hand was not as stated in the statement, he required them to prove their case beyond a reasonable doubt, or with such completeness as would compel a trial judge to direct a verdict in their favor. The phrase was not a happy one, but it is clear to us that the master meant by it only that the evidence offered by the petitioners was not sufficient to convince him that there was a material error. This appears expressly in his second conclusion of law, in which he says:

"Much testimony has been introduced tending to raise doubts as to the accuracy as to the items of merchandise and stock on hand and so on in the financial statement of March, 1905, but it seems to me that the petitioners have failed to prove by a preponderance of evidence that said item was materially false, nor that they have shown the falsity of any other item in the statement except as set forth in the findings of fact."

The master found that some of the assets mentioned in the statement and described in the memorandum accompanying it as "quick" were not quick, and also that the amounts charged against the officers on the books for return of part of the salaries paid them in the first year in accordance with the agreement of employment were not assets. We differ with him in these particulars, regarding the assets as being quick in the sense that they were not permanent investments like plant and machinery, and thinking that the claims against the officers for return of a proportion of their first year's salaries were assets.

In other respects we agree with the master and the court below that the petitioners have not sustained the burden of proof lying upon them to show that the statement of the bankrupt's financial condition as of February 28, 1905, contained any material misrepresentation of fact. The assets which came into the possession of the receiver August 7th realized very much less than the amounts called for as of February 28th, but we cannot infer from that circumstance that the statement was false.

Decree affirmed.