## In re SOL. AARONS & CO.

## In re JULIUS C. WOLFF & CO.

(Circuit Court of Appeals, Second Circuit. January 29, 1912.)

### No. 151.

1. BANKRUPTCY (§ 140*) — RIGHTS OF CREDITORS — VACATION OF SALES — GROUNDS.

To entitle a bankrupt's creditor to rescind a sale to bankrupt, and to recover possession of goods, the creditor must show that the bankrupt was insolvent at the time of the purchase, concealed his insolvency from the creditor, and intended not to pay for the goods.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

2. BANKRUPTCY (§ 140*)—RESCISSION OF SALES—FRAUD—EVIDENCE—SUFFICIENCY.

On petition by the bankrupts' creditor to recover possession of goods delivered to bankrupts, evidence held insufficient to show that the bankrupts concealed their insolvency when the contract was made, or that they intended not to pay.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

Petition to Revise an Order of the District Court of the United States for the Southern District of New York.

In the matter of Sol. Aarons & Co., bankrupts. Petition by Julius C. Wolff & Co. to revise an order of the District Court confirming an order dismissing a petition to set aside a sale of goods to the bankrupt. Order affirmed.

The petitioners filed a petition in the District Court for an order rescinding and setting aside a sale to the bankrupt of 385 rolls of matting and for authority to take possession of said matting from James Talcott, to whom it had been consigned, on the ground that the bankrupt corporation was insolvent at the time of the purchase of such matting, that this insolvency was known to its president and general manager at the time he gave the order for the matting, and that the bankrupt concealed its insolvency and had no bona fide intention of paying for the matting. The referee, as special master, dismissed the petition, and the District Court confirmed the order of dismissal. This petition is brought to revise such action.

L. M. Scheuer, for petitioners.

C. H. Broas, for respondent.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The petitioners must establish three propositions to entitle them to rescind the sale in question: (1) That the bankrupt

was insolvent at the time of the purchase of the matting. (2) That the bankrupt concealed its insolvency from the petitioners. (3) That the bankrupt intended not to pay for the goods.

[1, 2] Assuming that the petitioners can establish the first proposition, and that the bankrupt was insolvent at the time when the order for the goods was placed with the petitioners, the second proposition does not follow. It is not contended that the officers of the bankrupt made any false statements or were guilty of any positive fraud. Fraudulent concealment in this case must be established by silence, if at all. But we think it is not so established, because we are unable to see that the bankrupt was under any obligation to speak or to disclose its financial condition to the petitioners; no request for any statement having been made. Moreover, if fraudulent concealment in addition to insolvency were shown, we think that the petitioners wholly fail to establish the third essential proposition—that the bankrupt intended not to pay for the goods. Practically the only ground for claiming that these goods were bought with intent not to pay for them is the fact that they were delivered to Talcott and an advance obtained thereon. This may be a suspicious circumstance, but it does not in and of itself establish fraud, nor of itself justify the inference of an intent to defraud. Indeed, the inference might be drawn that the bankrupt pledged the goods to obtain money needed in its business until they could be sold. There is some evidence tending to show that some of the merchandise was never delivered to Talcott and that other merchandise was taken out of pledge and sold.

Claimants ought not to be allowed to repudiate a sale and reclaim goods, and thus obtain a preference over other creditors, except in a case where the proof is clear. This is not such a case. In this case, as already shown, no false statements or false representations were made. The petitioners themselves proved their debt, and apparently only thought of reclamation proceedings when it was ascertained that most of the goods had been delivered to Talcott.

The order of the District Court is affirmed, with costs.