### In re NADEL.

(District Court, E. D. New York. March 16, 1914.)

BANKRUPTCY (§ 408*)—DISCHARGE—SPECIFICATIONS—CONCEALMENT OF ASSETS.

Where a bankrupt, prior to bankruptcy, transferred his property to an assignee for the benefit of creditors, and an application for discharge was resisted on the ground that he had concealed part of his goods from his trustee in that a van load had been removed from a house near his store and sold by an auctioneer, and that he had made a false statement on which he had obtained credit, but the evidence did not connect the removed goods with the bankrupt, he was not entitled to resist the specifications with reference to his having obtained credit on the false statement, on the ground that, if any goods had been removed, they were removed by his assignee for the benefit of creditors, and that such goods if added to the admitted assets would show that the statement made by him was not materially false.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 732–736, 759, 762, 763; Dec. Dig. § 408.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Bankruptcy. In the matter of bankruptcy proceedings of Louis Nadel. On application for a bankrupt's discharge. Denied.

Lesser Bros., of New York City, for objecting creditors.
Walter T. Kohn, of New York City, for objecting creditor.
Robert P. Levis, of New York City, for bankrupt.

CHATFIELD, District Judge. Upon application for discharge, a special commissioner has reported that the specifications as to concealment of a large stock of goods have not been sustained. The only definite charge of specific concealment was as to the removal of a van full of goods on May 29, 1911, from a house on Seaside avenue, near the store of the bankrupt at Far Rockaway, L. I., to New York, and their sale there by an auctioneer. The removal of this van load of goods and the sale was shown, but the special commissioner held that the evidence did not satisfactorily connect these goods with the stock of the bankrupt nor with the bankrupt himself. The special commissioner, however, also reported that other specifications charging the bankrupt with having made a false statement upon which credit was given were sustained.

Upon the argument of the motion to confirm the commissioner's report an unusual situation was presented. The bankrupt pointed out from the testimony and the record that his property had been turned over in May, 1911, to an assignee for the benefit of creditors, who was in possession at the time the petition in bankruptcy was filed. He suggests if a van load of goods worth several thousand dollars was removed from the bankrupt's place of business after the assignee was in possession, or from any locality in the neighborhood to which they had previously been taken from the bankrupt's place of business, that the trustee in bankruptcy should call upon the assignee to account therefor and that the bankrupt was not responsible for these goods.

In this respect the bankrupt alleges that the finding of the special commissioner on the question of concealment is correct, and yet he seeks to make use of the testimony presented, which indicates that goods which should be in the hands of the trustee in bankruptcy had previously been in the bankrupt's possession and presumptively had been turned over by him to his assignee.

The bankrupt then alleges that the special commisioner is incorrect in his second finding for the reason that, if a large stock of goods was in the bankrupt's possession and has been accounted for, the statement furnished to the creditors and upon which credit was given was not false merely because the goods turned over were much less in value than the figures shown in the statement. In re Amer. Knit Goods Mfg. Co., 173 Fed. 480, 97 C. C. A. 486; In re Lesser, 114 Fed. 83, 52 C. C. A. 31.

It is urged that these facts, when taken into consideration in connection with the inability to read or write and to keep books on the part of the bankrupt, show that the special commissioner was not justified in sustaining the specifications as to the financial statement.

It was apparent that the creditors and the trustee in bankruptcy

should have sought to discover the thousands of dollars of assets which both they and the bankrupt seem to imply had disappeared or had been removed and secreted by somebody, and opportunity has been given therefor. The argument of the motion resulted in a protest from the assignee for the benefit of creditors to the effect that there was not the slightest basis for charging him with responsibility for, or with having made any disposition of, assets from the bankrupt estate. The creditors and the trustee did not follow the court's suggestion nor undertake to initiate further proceedings to discover assets, but merely submitted the matter to the court as it stood. The bankrupt, while relying upon the intimation that assets had been in existence, in order to relieve himself from the charge of falsehood, nevertheless disavowed any knowledge of those assets and repudiated any intention of charging the assignee with making way therewith.

This leaves the bankrupt in a position where he shows nothing which would indicate that the finding of the special commissioner was not correct in so far as it went. The discharge therefore should be denied.

The other finding of the commissioner, that the goods removed and sold are not shown to have come from the bankrupt's property, cannot be disturbed upon the consideration of the application for discharge, and, unless the creditors or the trustee see fit to proceed further in endeavoring to locate any property of this estate and to show that it was concealed by the bankrupt, they must remain content with the situation as it stands.

Upon the record the bankrupt was guilty of obtaining credit on a false statement unless he has assets which he has concealed from his creditors. If he has assets which he has concealed from his creditors, his discharge should be denied and the trustee should endeavor to secure those assets. The inference that the property alleged to have been concealed came from the bankrupt's estate is strong, and it would seem that the trustee and the assignee for the benefit of creditors should have followed up the assets unless they wished to take the responsibility of concluding that such a proceeding would be profitless. But the creditors and trustee have done nothing except state to the court by letter their readiness to do anything properly indicated. The mere opposition to an application for discharge, without any application to the referee or court, or without the bringing of any suit or proceeding to get assets into the estate, will not transfer from the trustee to the referee or the court the duty of protecting the creditors' rights by the initiation of any steps which may be required.

Discharge denied.