### In re K. MARKS & CO.

(Circuit Court of Appeals, Second Circuit. November 10, 1914.)

#### No. 7.

1. SALES (§ 44*)—FRAUD—REMEDY OF SELLER—RECOVERY OF PROPERTY.
   When a buyer, being insolvent, induces a seller to sell him goods on credit, which he does not intend to pay for, the seller may rescind and recover the property.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 93; Dec. Dig. § 44.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 140*)—SALE TO BANKRUPT—FRAUD—DISAFFIRMANCE—RECOVERY OF GOODS.

A seller of goods to bankrupts while insolvent, in order to disaffirm and recover the goods, must show that the bankrupts were insolvent at the time of purchase, that they concealed the fact, and intended then not to pay for the goods.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

3. SALES (§ 52*)—FRAUD OF BUYER—RECOVERY OF GOODS—EVIDENCE.

Where the bankrupts, a year prior to failure, had had good credit, and were reported in Dun's as "first class" on the strength of statements previously made and not corrected, and on applying to petitioner to purchase a quantity of flour, knowing themselves to be hopelessly insolvent, replied to a question as to their financial ability by saying, "Look us up in the commercial agencies, and you will find that we have good credit and are amply responsible for all our obligations," and petitioner, relying on the truth of such statement, sold the goods on credit, such facts were sufficient to show a fraudulent sale, entitling petitioner to recover the goods from the bankrupts' trustee.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 118–144, 1045; Dec. Dig. § 52.*]

Petition to Revise and Appeal from the District Court of the United States for the Southern District of New York.

On appeal from a final order and decree of the District Court for the Southern District of New York entered May 15, 1913, confirming the report of the special master in reclamation proceedings instituted by the Hecker-Jones-Jewell Milling Company to reclaim property alleged to be owned by the said petitioner which was in the possession of the receiver of the bankrupts. The property consisted of 725 sacks of flour. The receiver, having been appointed trustee, appeals to this court.

Emanuel Eschwege, of New York City, for appellant.

Sullivan & Cromwell and Ralph L. Collett, all of New York City, for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge. [1] The law is well settled that when a party, being insolvent, induces another to sell him goods on credit which he does not intend to pay for, the court may order the contract disaffirmed and restore the property.

[2] The special master points out the three propositions which the claimant must establish before he can rescind the contract and recover the goods: First. The insolvency of the bankrupts at the time the purchase was made. Second. The concealment from the claimant of the fact of insolvency. Third. Intention on the part of the bankrupts, at the time of the sale, not to pay for the goods.

[3] As to the first proposition there can be no dispute. The bankrupts were hopelessly insolvent and they knew it. The second proposition is established with almost equal certainty. The bankrupts did not, in so many words, say that they were solvent and intended to pay for the flour. Their conduct was such, however, as to induce the milling company to believe that it could rely implicitly upon the high financial standing and good faith of the bankrupts.

In reply to questions as to their ability to pay, a member of the firm, over the telephone, said, "Well, look us up," knowing that Dun's Agency had reported them "first class" on the strength of statements made a year previous which they had not corrected, although they had made large losses in the meantime. It was tantamount to saying, "Look us up in the commercial agencies and you will find that we have good credit and are amply responsible for all our obligations." This is what the bankrupts did say in substance and it was the reliance upon the truth of this statement that induced petitioner to sell its goods.

The special master had the advantage of seeing and hearing the witnesses and his finding upon the facts should not be disturbed. The evidence brings the case within the doctrine of the following authorities: Donaldson, Assignee, v. Farwell, 93 U. S. 631, 23 L. Ed. 993; In re Sol Aarons & Co., 193 Fed. 646, 113 C. C. A. 514.

The order is affirmed with costs.