In re NEW YORK COMMERCIAL CO.

(Circuit Court of Appeals, Second Circuit.   November 9, 1915.)

No. 8.

BANKRUPTCY 140—RECLAMATION OF PROPERTY BY SELLER.

A material false representation, made by a bankrupt in the purchase of goods, which is relied on in extending credit, entitles the seller to rescind, and there is no requirement of proof that the bankrupt did not intend to pay.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225;  Dec. Dig. 140.]

Petition to Revise Order of, and Appeal from, the District Court of the United States for the Southern District of New York.

In the matter of the New York Commercial Company, bankrupt. From an order denying the petition of Francis H. Robinson and Thomas A. Desmond to reclaim property, they appeal and file petition to revise.  Affirmed.

W. Roberts, of New York City, for appellants.

John W. Ingram and J. M. Hartfield, both of New York City (James J. Porter, of New York City, of counsel), for appellees.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge.   Desmond & Robinson had been for some two years selling crude rubber to the New York Commercial Company for cash.   The company's course of business with others was to buy on credit for ten days after delivery, which was also the custom of the trade.   For two months immediately preceding the sale now in question, Desmond & Robinson had sold the company 26 lots of rubber, of the aggregate price of some $330,000, or an average price of each lot of about $13,000.   These transactions, though perhaps large from the point of view of Desmond & Robinson, were small in the business of the Commercial Company.

January 15, 1913, the last sale was for ten tons of rubber at ten days' credit after delivery, and February 8th there were delivered on account of it about two tons, of the value of $4,469.12.   February 15, 1913, the company was put into the hands of a receiver in a judgment creditor's action in a court of the state of Virginia, who was subsequently made ancillary receiver by the Supreme Court of the state of New York. May 14, 1913, the company was adjudicated a bankrupt in a voluntary proceeding instituted in the District Court for the Southern District of New York and trustees were duly elected.

Desmond & Robinson demanded a return of the rubber sold, both of the state receiver and of the trustees in bankruptcy, and filed this petition of reclamation on the ground that an officer of the Commercial Company, well knowing its insolvency, fraudulently represented to the claimants that it was solvent, and thereby induced them to sell the rubber on credit, instead of for cash.   The contract was made over the

telephone in a conversation between Desmond and a representative of the company named Dunbar. Desmond testified that Dunbar asked for credit and represented the solvency of the company; whereas Dunbar testified that Desmond proposed the sale on credit, and that no representation at all was made as to the company's solvency.

The referee, being of opinion that each witness was giving an honest recollection of the conversation, was driven to decide the question upon the probabilities of the case, and decided it in favor of Desmond's account. He found that Dunbar had recklessly made a representation of the company's solvency. The District Judge, on the other hand, upon consideration of the probabilities, came to the conclusion that Dunbar did not ask for any change in the course of business and did not make any representation as to the company's solvency.

In discussing the law as to rescission the District Judge fell into the same error as to the proof necessary to rescind a contract where a false representation has been made as in Re Levi & Picard (D. C.) 155 Fed. 262. It results from confusing rescission in cases where there has been no representation whatever with cases where a false representation has been made. In the former, it is necessary to prove the insolvent buyer's intent not to pay when he contracts for the goods. In the latter, the ground of rescission is complete whenever the buyer has made a material misrepresentation which is relied on, whether he made it fraudulently or not, there being no requirement of proof that he did not intend to pay. He said:

"So far as the law is concerned, however, I do not think that counsel for the petitioners have sufficiently considered the decisions in this circuit. It is true that in Re American Knit Goods Mfg. Co., 173 Fed. 482 [97 C. C. A. 486], it was said by our Circuit Court of Appeals that in equity intentional misrepresentation by the bankrupt was not necessary, and that misrepresentation of a material fact relied upon by the other party was, even if innocent, good ground for rescission. It is not necessary to criticize or comment upon this statement, but the case in which it was said did not require the discussion to go any further. That petitioner was defeated on the ground that no material misrepresentation had been made. It is also true that in Ellet-Kendall Shoe Co. v. Ward, 187 Fed. at page 983 [110 C. C. A. 321], the Circuit Court of Appeals for the Eighth Circuit declared that it was error to hold that, 'to constitute a fraud authorizing rescission of a sale, the financial statement by the bankrupt must have been with intent not to pay.' This remark was obiter, as the decision shows; but it was also erroneous, for in our own appellate court it has been held in a case exactly like this: 'The petitioners must establish three propositions to enable them to rescind the sale in question: (1) That the bankrupt was insolvent at the time of the purchase of the matting; (2) that the bankrupt concealed its insolvency from the petitioners; (3) that the bankrupt intended not to pay for the goods.'"

The observations criticized in both cases were unquestionably right. The District Judge was misled by relying upon decisions where no representation whatever had been made and the buyer's intention not to pay had to be proved. Donaldson v. Farwell, 93 U. S. 631 [23 L. Ed. 993]; Re Levi & Picard (D. C.) 148 Fed. 654; In re Sol Aarons, 193 Fed. 646, 113 C. C. A. 514; In re Marks, 218 Fed. 453, 134 C. C. A. 253. To prevent any misapprehension, we said, in the American Knit Goods Case, "in equity at least," because in an action for deceit at law a plaintiff cannot recover damages without showing not only that the

representation made was false, but also that it was made knowingly or so recklessly as to constitute legal fraud. Pittsburg Co. v. Northern Central Co., 148 Fed. 674, 78 C. C. A. 408; Kountze v. Kennedy, 147 N. Y. 124, 41 N. E. 414, 29 L. R. A. 360, 49 Am. St. Rep. 651.

Because we concur with the District Judge in holding that no representation at all was made as to solvency, the order is affirmed.