### MARION MACH. FOUNDRY & SUPPLY CO. v. GIRAND et al.

#### In re McCLEERY.

(Circuit Court of Appeals, Fifth Circuit. November 28, 1922. Petition for Rehearing Denied January 13, 1923.)

#### Nos. 3872, 3879.

1. **Bankruptcy ⬅140(1)—Seller held entitled to reclaim property for breach of condition of sale.**

   Claimant sold a set of rig irons to bankrupt on credit, on condition of his payment of a past-due debt, and bankrupt gave his check for the amount due, which was dishonored. Bankruptcy intervened, and the rig irons were sold by the receiver. *Held,* that claimant was equitably entitled to the proceeds.

2. **Bankruptcy ⬅140(1)—Equity may give right to reclaim property.**

   Actual fraud in a purchase of property by a bankrupt is not necessary to entitle the seller to reclaim it, but it is sufficient if in equity and good conscience he should have the right.

3. **Bankruptcy ⬅439—Order denying reclamation of property held reviewable on petition to revise.**

   Where the right to reclaim property depends solely on a question of law, the ruling thereon is reviewable on petition to revise, under Bankruptcy Act, § 24b (Comp. St. § 9608).

Appeal and Petition to Superintend and Revise from the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

In the Matter of C. G. McCleery, bankrupt; W. D. Girand and R. W. Haynie, receivers. From an order of the District Court denying a petition of the Marion Machine Foundry & Supply Company to reclaim property, petitioner appeals and petitions to revise. Appeal dismissed and order reversed on petition to revise.

George Thompson, Jr., of Fort Worth, Tex. (Thompson, Barwise, Wharton & Hiner, of Fort Worth, Tex., on the brief), for appellant and petitioner.

W. D. Girand and C. G. Whitten, both of Abilene, Tex. (R. W. Haynie, of Abilene, Tex., on the brief), for appellees and respondents.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. [1] November 16, 1920, the petitioner, the Marion Machine Foundry & Supply Company, sold to C. G. Mc-

Cleery a set of rig irons on credit, upon condition that McCleery would then pay a past-due debt. McCleery gave his check for $613.09, the amount of the past-due debt, and received the rig irons. The check was promptly presented, but payment was refused by the bank upon which it was drawn because of lack of sufficient funds to meet it. Thereupon the manager of the company interviewed McCleery, who stated he would wire to his brother for money. November 19, 1920, an involuntary petition in bankruptcy was filed against McCleery, and the rig irons were subsequently sold by the receivers for $1,340.79. The petitioner filed a petition for the return to it of the proceeds of the sale. The referee held the sale by McCleery was valid, and this action was affirmed on review by the District Judge.

[2] It is not claimed that actual fraud was shown, but petitioner contends that it is entitled to the money held in lieu of the rig irons, because the sale was made only upon condition, which was never performed. We are of opinion that the contention is well founded. It is not necessary to show actual fraud. It is sufficient if in equity and good conscience the proceeds of the sale of the rig irons ought to be paid over to the petitioner. In re American Knit Goods Mfg. Co., 173 Fed. 480, 97 C. C. A. 486; In re New York Commercial Co., 228 Fed. 120, 142 C. C. A. 526; Ramey v. Allison, 64 Tex. 697. The case is not affected by the fact that petitioner accepted a check which was not paid. In re Perpall, 256 Fed. 758, 168 C. C. A. 104.

[3] The question involved is presented both by appeal and by petition to superintend and revise. We are of opinion that the appropriate proceeding is by petition under section 24b of the Bankruptcy Act (Comp. St. § 9608). The question presented is a purely legal one, and arose in an ordinary, administrative proceeding in bankruptcy. In re Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725.

The appeal is dismissed. The petition to superintend and revise is granted, with directions that the proceeds of sale of the rig irons be paid over to petitioner.