## In re SHERMAN.

(Circuit Court of Appeals, Second Circuit. June 1, 1926.)

No. 239.

1. Bankruptcy ⬤⟲140(2).

Goods may be reclaimed on showing that sale was induced by material false representation, without proof that purchaser did not intend to pay.

2. Bankruptcy ⬤⟲140(2).

In absence of material false representation or of intention by buyer not to pay, goods sold shortly before petition was filed cannot be reclaimed because bankrupt concealed insolvency.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of Harry Sherman, trading as the Pan-American Dress & Waist Company. From an order allowing the reclamation petition of Ozdoba Bros., Inc., Bertha Rembaugh, trustee, appeals. Order reversed.

Bertha Rembaugh, of New York City, pro se.

Zalkin & Cohen, of New York City (Moses Cohen and Israel Akselrod, both of New York City, of counsel), for respondent.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. The proceeding below was a reclamation, brought by respondents to recover certain goods by them delivered to the bankrupt shortly before petition filed.

The petition was what is ordinarily called a reclamation, and that in most cases is in legal effect an endeavor to rescind a contract, which is usually a contract of sale.

The court below granted the reclamation; i. e., directed the return to the petitioner respondent of certain goods which had been found by the trustee on the bankrupt's premises. Whereupon the trustee took this appeal.

[1, 2] We do not think it necessary to recite the testimony at length; it is quite contradictory, and a good deal of it unworthy of credit. We take the facts substantially as they were found by the referee; the District Judge did not vary them.

The delivery of the goods by respondent to bankrupt resulted from a sale, and that sale and delivery were not induced by any active fraudulent representations. At the time of sale the bankrupt was insolvent; the fact of insolvency was concealed, or at all events not mentioned, and there was no proof, direct or otherwise, that when the sale was made and the goods delivered the bankrupt did not intend to pay. We see no reason to depart from the rule laid down by us in Re Aarons & Co., 193 F. 646, 113 C. C. A. 514. This decision is not at variance with In re American Knit Goods Co., 173 F. 480, 97 C. C. A. 486, as was explained in Re New York Commercial Co., 228 F. 120, 142 C. C. A. 526. See, also, In re Liebig, 255 F. 458, 168 C. C. A. 534, and Hyman v. Trow, etc., Co. (C. C. A.) 261 F. 991.

Result of these cases is that, where the petitioner in reclamation can show that the sale was induced by a material false representation, it is not necessary for the reclamationer to show that the vendee did not intend to pay. But where no such representation was made, and relied upon, the rule as set forth in the Aarons Case, supra, and in Donaldson v. Farwell, 93 U. S. 631, 23 L. Ed. 993, obtains.

In the present instance there was no evidence of any affirmative fraudulent inducing representation, and no evidence of an intent not to pay. Therefore the reclamation ought not to have been sustained.

Order reversed, with costs.