### In re A. C. KELLY & CO., Inc.
#### No. 51104.

District Court, S. D. New York.
Nov. 25, 1933.

Lucille C. Bunzl, of New York City, for petitioner.

Hughes, Schurman & Dwight, of New York City (John R. McCullough, of counsel), for trustee.

PATTERSON, District Judge.

Hackl in June, 1930, sold certain oil rights to the bankrupt and delivered mineral deeds covering such rights. The bankrupt credited Hackl with the sum of $2,000 in payment, but he never received this sum. In May, 1931, an involuntary petition was filed, followed by adjudication. The oil rights being found among the bankrupt's assets, Hackl brought a reclamation proceeding.

The bankrupt conducted a stock brokerage business. By the latter part of 1929 it had become insolvent. From then on it "bucketed" its customers' orders, reported fictitious transactions to them, and used customers' money for current expenses and for payments to those connected with the business.

Hackl claims the right to rescind the sale because of the bankrupt's fraud. I am of opinion that his claim has merit. In cases of this type, where no affirmative misrepresentations were made to induce the sale, the seller may rescind by showing that the buyer was insolvent at the time he bought, that he concealed his insolvency from the seller, and that he intended never to pay for the goods. Donaldson v. Farwell, 93 U. S. 631, 23 L. Ed. 993; Hall v. Naylor, 18 N. Y. 588, 75 Am. Dec. 269; In re Aarons & Co. (C. C. A.) 193 F. 646; In re Sherman (C. C. A.) 13 F. (2d) 121; In re Independent Coal Corporation (C. C. A.) 18 F. (2d) 1. The intent not to pay is not a necessary inference from mere insolvency, for an insolvent person may expect to extricate himself and have an honest intent to pay. But it is a proper inference

where the circumstances are such that no honest intent to pay could have existed. Hennequin v. Naylor, 24 N. Y. 139.

Here the insolvency of the bankrupt at the time of purchase and the concealment of the insolvency from the seller are thoroughly established. The only point that merits discussion is whether there was an intent to pay for the property. That the bankrupt was conducting a fraudulent business at the time cannot be doubted. It was unable to pay any customer without using for that purpose money belonging to other customers. Under the conditions there was no honest intent on its part to pay Hackl the purchase price of what was acquired from him. See Cunningham v. Brown, 265 U. S. 1, 44 S. Ct. 424, 68 L. Ed. 873.

Hackl has traced his property and is entitled to rescind and reclaim.

The order of the referee will therefore be reversed, and the petition to reclaim will be granted.