753

**In re HUFFINE & CLARKE, Inc.**

No. 21372.

District Court, W. D. New York.

Nov. 14, 1934.

Hubbell, Taylor, Goodwin, Nixon & Hargrave, of Rochester, N. Y., for plaintiff.

Isaac Adler, of Rochester, N. Y., for Trustee in Bankruptcy.

KNIGHT, District Judge.

The court is asked to review the decision of the Referee in Bankruptcy. This is a reclamation proceeding brought by petition of C. J. Ellis, Inc., and issue was joined by the answer of Martin Moll, as trustee of Huffine & Clarke, Inc., bankrupt. The facts can be briefly recited. In November, 1933, Huffine & Clarke, Inc., entered into an agreement with C. J. Ellis, Inc., to purchase certain merchandise to be delivered on or before January 18, 1934. Huffine & Clarke, Inc., in 1933 operated its business at a substantial loss. From October 31, 1932, through 1933, it borrowed altogether $26,000 to meet its then present needs. The condition of the company was well known to its officers, as is disclosed by its audits and by its borrowings. On or prior to January 15, 1934, the directors of Huffine & Clarke, Inc., saw the necessity of procuring more new funds in order to continue the business of the company, and commencing with January 15, 1934, efforts were directed by the officers of the company to this end. These efforts were unsuccessful. Immediately upon the failure of the company to obtain anticipated financial aid and on or about January 23, 1934, the general merchandise manager of the company directed that no further shipments of goods which had been ordered should be accepted. Following this, various shipments were refused.

Pursuant to the agreement made November 2, 1933, C. J. Ellis, Inc., shipped to Huffine & Clarke, Inc., three several lots of merchandise. Two of these are in question here. One of such two shipments was made on January 19, 1934. The agreed price of the merchandise was $3,827.88. Of this amount merchandise to the value of $1,667.60 was unloaded at the factory of Huffine & Clarke, Inc., and retained there, but the balance of the merchandise, to the value of $2,150.28, was stored in a local warehouse. The second shipment of merchandise of the agreed value of $515.04 was shipped on January 23, 1934, and this was stored in the same warehouse. Delivery of all of these goods was tendered at the Huffine & Clarke, Inc., factory. It appears from the stipulation in the record that the merchandise in the warehouse was stored in the name of Huffine & Clarke, Inc.

On February 17, 1934, Huffine & Clarke, Inc., was duly adjudicated a bankrupt upon its voluntary petition. The schedules in bankruptcy show a total of $90,125.90 in liabilities and $51,484.99 in assets. Creditors secured and unsecured numbered in the hundreds.

The merchandise in the warehouse remained in statu quo until a trustee was appointed and qualified in the bankruptcy proceedings, and after the institution of the proceedings herein an order was made authorizing the sale of merchandise in dispute and directing that the proceeds be held to await the determination herein.

The rights of the petitioner must be decided on the construction to be given section 48 of the Uniform Sales Act, section 129 of the Personal Property Law of the State of New York (Consol. Laws N. Y. c. 41), as applied to the facts shown.

 It is obvious that the purchaser was insolvent when the order was given in November, 1933. It does not appear that the seller had any knowledge of such condition at that time. It does not appear that the purchaser did any specific act showing an intention not to pay at the time when the purchase was made. It would have been unusual that any such act would be shown. Intent in the mind of the purchaser must be determined ordinarily from the financial condition of the purchaser and the grounds upon which he bases a reasonable hope to be able to pay. If a man is hopelessly insolvent, is knowing to this fact, and can show no reasonable likelihood that he will be able to recoup or pay his debts, then it may be found that he did not intend to pay and intended to deceive the seller. Under such circumstances the seller would be entitled to rescind. This phase of the law has been admirably covered in California Conserving Co. v. D'Avanzo, 62 F.(2d) 528 (C. C. A. 2d Circuit), and points the reasoning which it is sought to follow here.

It does not seem to the court that the instant case is parallel in the effect of its facts with California Conserving Co. v. D'Avanzo, supra. The reasonable construction of the evidence is that at the time of the purchase of these goods the purchaser did intend to pay. This conclusion is greatly fortified by the subsequent act of the purchaser in his attempted refusal to accept. So it does not seem to the court that this petition can be sustained upon the theory that the merchandise was obtained through fraud.

The rights of the parties are to be determined by the laws of the state of New York. The Personal Property Law of the State of New York, section 129 (section 48 of the Uniform Sales Act), provides: *"What constitutes acceptance.* The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them."

 The title to the merchandise at all times was in some one. It was shipped free on board at the place of shipment. The purchaser had the right to reject it in the event it did not meet the terms of the agreement. The purchaser did not do this. It evidenced the intent to receive or decline to receive as the financial condition seemed to the purchaser to warrant. The merchandise was stored where the purchaser could take physical possession at any time. It did not notify the seller what had been done and the merchandise was thus held for substantially a month after delivery at purchaser's place of business. It seems to the court that the acts of the purchaser in having the merchandise stored or kept under the condition that it could take them at any time was an act inconsistent with the ownership of the seller. Further, it seems to the court that the purchaser retained the merchandise more than a reasonable time without intimating to the seller that it had rejected it.

The acts of the purchaser were honest and honorable and intended so to be. Such acts, however, were insufficient to avoid an acceptance as defined by law.

The findings of the Referee are affirmed.