**In re RADER et al.**

No. 163, Docket 22232.

United States Court of Appeals, Second Circuit.

Submitted Feb. 11, 1952.

Decided March 10, 1952.

Philip Klein, New York City, for The National Cash Register Co., claimant appellant.

Levin & Weintraub, New York City (Benjamin Weintraub, New York City, of counsel; Melvin I. Pitt, New York City, on the brief), for John A. Vaccaro, trustee appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

The referee found that on February 28, 1950, the appellant sold a cash register to the bankrupt on a conditional sales contract, a copy of which it did not file for record. The bankrupt did nothing to conceal his financial condition from the appellant nor did he make any statement, oral or written, to induce the appellant, who was aware of the condition of his business, to extend credit to him. He acted in good faith and did nothing to defraud or mislead the appellant who relied solely upon its conditional sales contract.

On March 21, 1950, a voluntary petition in bankruptcy was filed and thereafter the purchaser was adjudicated a bankrupt and the appellee is his duly qualified trustee.

This bankrupt was in a shaky financial condition when he made the purchase, but he had recently put $6,000 of his own money into his business and the evidence as a whole warranted the findings to the effect that he had reason to, and did, believe he could meet the payments on the conditional bill of sale as they fell due.

That distinguishes such cases as California Conserving Co. v. D'Avanzo, 2 Cir., 62 F.2d 528 and leaves the seller with no legal basis for rescission. And, of course, the appellant's failure to file the conditional sales contract or to prove actual notice to all creditors leaves the trustee in bankruptcy free to avoid it. Matter of Master Knitting Corp., 2 Cir., 7 F.2d 11.

Order affirmed.