In the Matter of **COCHRAN PAVING COMPANY, Inc.**

**L. F. PYE, Creditor's Reclamation Petition, Appellee,**
**James M. BARNES, Trustee in Bankruptcy, Appellant.**

**No. 30226.**

United States Court of Appeals, Fifth Circuit.

May 11, 1971.

Isaac C. Adams, Rocky Face, Ga.. Robert B. Adams, Dalton, Ga., for appellant.

H. E. Kinney, Pittman & Kinney, L. Hugh Kemp, Dalton, Ga., for appellee.

Before THORNBERRY and GODBOLD, Circuit Judges, and BOOTLE, District Judge.

**PER CURIAM:**

Pye filed a petition seeking to reclaim property in the possession of the trustee in bankruptcy and held by the bankrupt under a title retention contract in favor of Pye. The trustee raised as defenses that the transaction under which Pye claimed was fraudulent under federal and state law; that Pye had filed, and dismissed, a foreclosure and levy on some of the bankrupt's property, causing his lien to be lost or satisfied under state law; that there had been accord and satisfaction between Pye and the bankrupt.

The Referee found the transfer was fraudulent and denied the petition. He did not reach the other two defenses. On petition for review, the District Judge reversed the Referee on the issue of fraudulent transfer and remanded the cause for consideration of the other two defenses made by the Trustee. The Trustee seeks to appeal from the District Judge's order.

An intervention in the bankruptcy proceedings to reclaim property in the possession of the trustee is a "controversy arising in proceedings in bankruptcy." 2 Collier Bankruptcy § 24.31; City of Fort Lauderdale v. Freeman, 197 F.2d 122 (5th Cir. 1952).[1] That being so, only a final order is appealable, 2 Collier, Bankruptcy, § 24.27, and this order is not final. It did not terminate the litigation or any severable phase but disposed of only the single defense of fraudulent transfer, with remand ordered for trial of the other defenses. See Crooker v. Knudsen, 232 F. 857 (9th Cir. 1916). The requirement of finality is jurisdictional. Therefore, we may not accede to the desire of the appellant (and the lack of opposition by appellee) that we review at this time the one issue that has been decided.

The appeal is dismissed.

---

1. In view of this case we consider that Marion Mach. Foundry & Supply Co. v. Girand, 285 F. 160 (5th Cir. 1923), which stated what is distinctly a minority view, is no longer the rule in this circuit.