HYMAN v. TROW DIRECTORY PRINTING & BOOKBINDING CO.

Appeal of A. ERDMANN CO., Inc.

(Circuit Court of Appeals, Second Circuit. November 12, 1919.)

No. 24.

1. APPEAL AND ERROR ⚏1009(4)—FINDINGS IN EQUITY CASE NOT BINDING ON APPELLATE COURT.

In an equity case, in which a receiver was appointed, findings of fact of the trial court are not binding on appeal, and may be disregarded, if manifestly erroneous or against the weight of the evidence.

2. CORPORATIONS ⚏566(1)—CLAIM AGAINST INSOLVENT COMPANY NOT PREFERRED UNLESS PURCHASE WAS MADE, WITH INTENT NOT TO PAY THEREFOR.

A creditor, who sold coal to an insolvent corporation, making delivery on the day on which bill for appointment of a receiver was filed, is not entitled to a preferred claim, unless the corporation was insolvent at the time of the purchase, and unless it concealed its insolvency and purchased the coal without intention of paying therefor.

3. CORPORATIONS ⚏566(1)—EVIDENCE INSUFFICIENT TO SUPPORT CLAIM OF PREFERENCE ON INSOLVENCY OF CORPORATION.

Where the creditor of an insolvent corporation, having delivered coal on the day a bill was filed against it for the appointment of a receiver, asserted right to a preferred claim, evidence *held* insufficient to show that the corporation concealed its insolvency, etc., so as to entitle the creditor to preference.

Appeal from the District Court of the United States for the Southern District of New York.

Bill by James N. Hyman against the Trow Directory Printing & Bookbinding Company, upon which receiver was appointed. From a judgment denying the petition of the A. Erdmann Company, Incorporated, for preferred claim, petitioner appeals. Affirmed.

Wesselman & Kraus, of New York City (Harry Lesser, of New York City, of counsel), for appellant.

Frank M. Patterson, of New York City (Franklin H. Mills, of New York City, of counsel), for receivers.

Before WARD, ROGERS, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. This is a proceeding by the claimant, the A. Erdmann Company, to establish a preferred claim against the estate of the Trow Directory Printing & Bookbinding Company for the sum of $1,077.44 in payment for 226 tons of coal sold by the claimant to the defendant.

A bill was filed on April 27, 1918, by James N. Hyman against defendant, alleging that the latter was indebted to the former in a sum in excess of $6,500, and was at the time insolvent, and asking the appointment of receivers. On April 29th defendant filed its answer, admitting the allegations of the complaint, and joining in the prayer of the complaint that receivers be appointed for the dissolution and winding up of the affairs of the defendant corporation.

⚏For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On May 23, 1918, an order was entered appointing a special master to consider the claim of the claimant, and all other claims, and report. The special master filed his report, in which he found that the claimant had no valid preferred claim against the receivers for the said 226 tons of coal, or for any part of the purchase price thereof, and the claim should be dismissed, with costs. The District Judge confirmed the report.

The coal, the value of which is now sought to be reclaimed, was purchased on April 24, 1918, and was delivered to the defendant on April 27th, which was the very day when the proceedings were instituted for the appointment of the receivers.

[1] In the argument in this court counsel for the receivers contended that this court is bound by the facts found by the trial court, that those findings have the effect of a verdict, and that this court is not at liberty to consider the weight of the evidence, and a number of cases are cited in the brief to sustain that proposition. It is hardly necessary to say that no one of them has any application to such a case as this. This is a proceeding in equity, and in equity the appellate court is not concluded by the findings of fact, but will disregard them, if it finds them manifestly erroneous, or manifestly against the weight of evidence.

This is not a case, however, in which we find it necessary to disagree with the findings made by the special master, and confirmed by the District Judge. A careful examination of the testimony has convinced us that those findings are fully justified, and should not be disturbed.

[2, 3] In order that the claimant should succeed in establishing his claim to a preference it must appear: (1) That the defendant was insolvent at the time of the purchase of the coal. (2) That defendant concealed its insolvency from the claimant. (3) That defendant at the time it purchased the coal did so without the intention of paying for it.

It may be conceded that the defendant was insolvent when the coal was bought. But it is not made out to the satisfaction, either of the court below or of this court, that defendant concealed its insolvency, or that it bought the coal intending not to pay for it.

The coal was bought by defendant through its manager. The claimant's representative sought out the defendant's manager. The latter did not seek him. An order for 250 or 300 tons of coal was obtained. The agent then asked the manager how it was going to be paid for, and said he wanted it paid for in 30 days. The manager replied that he thought that could be arranged. Nothing else was said according to the manager's recollection. He was asked whether he said at that time that his company was all right, or whether he had any talk about the solvency or insolvency of the company. He replied in the negative. He was asked whether at that time he knew that the company was insolvent and he replied that he knew nothing of it.

The special master, who saw and heard the witness give his testimony, evidently believed him truthful, or was not convinced that he was untruthful. The testimony of the claimant's agent differs in some particulars from the testimony of the manager. But the claimant, if

he is to obtain a preference, has the burden of establishing the three propositions above laid down, and he cannot succeed in a case where the proof is not clear, and it is not in this case.

The judgment is affirmed.