## JOHNSTON v. EMERSON PHONOGRAPH CO., Inc.

(Circuit Court of Appeals, Second Circuit.  December 14, 1921.)

No. 184.

**Receivers ⬚152—Seller, shipping goods and forwarding bill of lading before receivership, not entitled to payment in full.**

Where goods were shipped by a seller, and the bill of lading forwarded to the buyer, before the appointment of a receiver for the buyer, title passed to the buyer prior to the receivership under Personal Property Law N. Y. § 100, and in the absence of fraud or misrepresentation, or stoppage of the goods in transit, the seller was not entitled to an order requiring the receiver to pay for the goods in full.

Appeal from the District Court of the United States for the Southern District of New York.

Action by Mary S. Johnston against the Emerson Phonograph Company, Inc., in which receivers were appointed, and were ordered to pay in full the claim of the Brilliantone Steel Needle Company. From an order requiring the receivers to pay such company $1,110, they appeal. Reversed, and claimant's petition denied.

David W. Kahn, of New York City, for appellants.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

PER CURIAM.  On December 9, 1920, receivers of defendant were appointed.  Prior thereto, defendant had ordered 15 cases of needles from Brilliantone Company.  These needles were shipped from the factory of Brilliantone Company at Lowell, Mass., on December 6, 1920, directed to defendant at Scranton, Pa.  The needles were received at Scranton on December 26, 1920.  The original bill of lading was immediately forwarded to defendant.  Title to the merchandise thus passed to defendant prior to the appointment of the receivers. Section 100, Personal Property Law of New York (Consol. Laws, c. 41).

No fraud nor misrepresentation in inducing the sale is alleged nor proved.  The goods were not stopped in transitu.  In brief, there is nothing in the record which differentiates the case in principle from Hyman v. Trow Directory Co. (C. C. A.) 261 Fed. 991.

The order was inadvertently made, and therefore is reversed, and the claimant's petition should have been denied.

⬚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes