**1**

HIDEMITSU TOYOTA, Defendant, Appellant, v. UNITED STATES, Petitioner, Appellee. (Circuit Court of Appeals, First Circuit. August 6, 1925.) No. 1653. Appeal from the District Court of the United States for the District of Massachusetts, James Arnold Lowell, Judge. Question of law certified by the United States Circuit Court of Appeals for the First Circuit to the Supreme Court of the United States. This is a petition under section 15 of the Act of June 29, 1906 (Comp. St. § 4374), to cancel the certificate of naturalization issued to one Hidemitsu Toyota. The agreed facts are as follows: "It is agreed that Hidemitsu Toyota is a person of the Japanese race, born in Japan; that he entered the United States in the year 1913; that he has served substantially continually, in the United States Coast Guard Service (formerly called the United States Revenue Cutter Service) from November, 1913, to date, May, 1923; that during nearly all the period when the United States was engaged in the recent Great War the said service was a part of the naval forces of the United States; that he has eight or more honorable discharges issued to him for such service, some of them being for service during the said war; that he filed his petition for naturalization, said petition being No. 58,600 in the District Court of the United States for the District of Massachusetts, at Boston, on May 14, 1921, relying on the Act of May 9, 1918, c. 69, 40 Stat. 543 (Comp. Stat. 1918, Comp. St. Ann. Supp. 1919, § 4352 [7]–[13], and section 4352aa), and on the Act of July 19, 1919, c. 24, § 1, 41 Stat. 222 (Comp. Stat. Supp. 1923, § 4352aaa); that the said District Court granted his said petition on May 16, 1921, by virtue of the said acts; that on the same day a certificate of naturalization, No. 1,591,923, was issued to him. It is further agreed that, if a person of the Japanese race born in Japan may legally be naturalized under subdivision 7, section 4, of the Act of June 29, 1906, as amended by the Act of May 9, 1918, or the Act of July 19, 1919, the defendant in this case is legally naturalized." In the District Court it was held that Toyota was not entitled to be naturalized under subdivision 7, § 4, of the Act of June 29, 1906, as amended by the Act of May 9, 1918, or under the Act of July 19, 1919, and entered an order canceling his certificate of citizenship, from which order or decree this appeal was taken. We desire the instruction of the Supreme Court upon the following questions: (1) Whether a person of the Japanese race, born in Japan, may legally be naturalized under subdivision 7, § 4, of the Act of June 29, 1906, as amended by the Act of May 9, 1918. (2) Whether such subject may legally be naturalized under the Act of July 19, 1919, c. 24, § 1, 41 Stat. 222 (Comp. Stat. Ann. Supp. 1923, § 4352aaa]. It is now, to wit, November 10, 1923, ordered that the foregoing statement of facts, and questions of law arising thereon, be certified under the seal of this court, and transmitted to the Supreme Court. Laurence M. Lombard, of Boston, Mass., for appellant. Laurence Curtis, 2d., Asst. U. S. Atty., of Boston, Mass. (Robert O. Harris, U. S. Atty., of Boston, Mass., on the brief), for the United States. Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. The decree of the District Court (290 F. 971) is affirmed, in conformance with answers to certified questions. 45 S. Ct. 563, 69 L. Ed. ——.

**2**

John J. JAKUBIEL, Plaintiff in Error, v. UNITED STATES, Defendant in Error. (Circuit Court of Appeals, Second Circuit. June 1, 1925.) No. 366. In Error to the District Court of the United States for the Southern District of New York. Robert A. Peattie, of New York City (Raymond L. Wise, of New York City, of counsel), for plaintiff in error. Emory R. Buckner, U. S. Atty., of New York City (John M. Cashin, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States. Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. Judgment affirmed

**3**

In the Matter of Rosario LA ROSA, Bankrupt; Louis M. Taylor, as Trustee, etc., Petitioner. (Circuit Court of Appeals, Second Circuit. April 6, 1925.) No. 266. Petition to Revise Order of the District Court of the United States for the Southern District of New York. Petition to revise an order in bankruptcy entered in the District Court for the Southern District of New York. Boyd & Co. sought to reclaim certain goods sold by them to the bankrupt a few days before petition filed. Boyd's agent called upon the bankrupt for the purpose of selling the goods, no representations were made and no questions asked. Petition in reclamation was granted on the ground semble that the sale was so near bankruptcy as to justify presumption of all the facts necessary to support the petition. The trustee sought review. Remington & Meek, of New York City, for Trustee. Lesser Bros., of New York City (William Lesser and Samuel L. Miller, both of New York City, of counsel), for Boyd & Co. Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. It is sufficient to refer to Hyman v. Trow, etc., Co. (C. C. A.) 261 F. 991, In re Aarons & Co., 193 F. 646, 113 C. C. A. 514, and In re American, etc., Co., 173 F. 480, 97 C. C. A. 486, to show that either in bankruptcy or in an equity receivership the facts shown were wholly insufficient to justify rescission. Petitioner showed nothing except that he had sold the goods in the ordinary course of trade, and did not even undertake to bear the burden of proof which under the cases cited lay upon him. Order reversed, with costs.

**4**

Philip LESCHNIK, Plaintiff in Error, v. Catherine C. FRIES, as Trustee of the Estate in Bankruptcy of Sol J. Leschnik, Defendant in Error.* (Circuit Court of Appeals, Second Circuit. April 20, 1925.) No. 323. In Error to the District Court of the United States for

*Certiorari denied 45 S. Ct. 640, 69 L. Ed. ——.