In re HENRY SIEGEL CO.

(District Court, D. Massachusetts. April 24, 1915.)

No. 20297.

1. EVIDENCE ⬤➡43—JUDICIAL NOTICE—JUDICIAL RECORDS.

On a petition to reclaim goods from a trustee in bankruptcy, judicial notice will be taken of the papers on record in the bankruptcy case.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 62–65; Dec. Dig. ⬤➡43.]

2. BANKRUPTCY ⬤➡140—OWNERSHIP OF PROPERTY—PURCHASE WITHOUT INTENT TO PAY.

When a corporation ordered goods, it was hopelessly insolvent, and there was no evidence that those in control of the corporation were not aware of its condition. Seven days after the order, and two days after the last delivery, receivers were appointed, and it was subsequently adjudicated a bankrupt. *Held*, that as the corporation's managers must have known that the corporation could not pay for the goods except by giving the seller a preference, at the expense of other creditors, and as their knowledge was imputable to the bankrupt, the purchase was the legal equivalent of a purchase with an intent not to pay, and was fraudulent, and the seller might rescind and reclaim the goods from the trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. ⬤➡140.]

In the matter of the Henry Siegel Company, bankrupt. On petition to reclaim property from the trustee. Referee's order dismissing the petition reversed, and petition allowed.

See, also, 223 Fed. 368.

Robert A. B. Cook, of Boston, Mass., for creditor.

Charles F. Weed, of Boston, Mass., for trustee in bankruptcy.

MORTON, District Judge. [1] This is a petition to reclaim from the trustees in bankruptcy of the Henry Siegel Company certain goods (or the proceeds thereof) upon the ground that when the goods were ordered and delivered the buyer was bankrupt, did not intend to pay for them, and procured them fraudulently from the petitioners. The case was submitted to the referee upon a statement of agreed facts, and

further evidence consisting of certified copies of proceedings in the District Court of the United States for the Southern District of New York against various corporations and persons, including Siegel and Vogel individually. In addition thereto, the court takes judicial notice of the papers on record in the bankruptcy case.

[2] The bankrupt, a Massachusetts corporation, operated a large department store in Boston. During December, 1913, it "was insolvent both at common law and within the meaning of the Bankruptcy Act" (Act July 1, 1898, c. 541, 30 Stat. 544). Agreed facts. In other words, at that time its property at a fair valuation amounted to less than its indebtedness. The goods here in question were ordered by the bankrupt from the petitioners on the 22d of December. They were delivered to it on the 23d, 24th, and 27th of December, 1913. On the 29th of that month, i. e., seven days after the order and two days after the last delivery, receivers were appointed for it; and it was subsequently adjudicated bankrupt.

The learned referee was of the opinion that an intent not to pay for the goods had not been made out. While such an intent must be, of course, established, it is not necessary that there should be direct evidence of it; it may be, and usually is, inferred from the facts. When these goods were purchased the buyer was deeply and hopelessly insolvent. Presumably the men in control of it were aware of its condition; there is no evidence to the contrary. They must have known, and their knowledge is imputable to the bankrupt, that it could not pay for these goods except at the expense of its other creditors, and by giving what would have been a preference; in other words, that it could not pay in an honest and regular way. Purchase under those conditions was, I think, the legal equivalent of purchase with an intent not to pay, and was fraudulent. The facts are meager, but they seem to me as strong for the claimants as those on which, in Watson v. Silsbee, 166 Mass. 57, 43 N. E. 1117, it was held to be a question of fact for the jury whether the purchaser bought without an intention to pay. See, too, In re Spann (D. C.) 183 Fed. 819; In re Gillespie v. Piles, 24 Am. Bankr. R. 502, 178 Fed. 886, 102 C. C. A. 120, 44 L. R. A. (N. S.) 1. The intent not to pay inferable from the financial condition of the buyer, might perhaps have been rebutted by evidence that its managers honestly expected to be able to continue, and bought the goods in an effort to do so. Nothing of that sort, however, appeared.

I accordingly find that at the time when the goods were purchased and delivered there could have been no reasonable expectation on the part of the buyer's managers that it would be able properly to pay for them, and consequently no honest intention to pay for them at all; and that the purchase was therefore a fraudulent one, which the sellers were entitled to rescind. It follows that the order of the referee dismissing the petition must be reversed, and the petition allowed.

So ordered.