### In re EMPIRE GROCERY CO.

(District Court, D. Massachusetts. December 1, 1921.)

No. 28815.

Bankruptcy ⬤⟐140(2)—Seller not entitled to reclaim goods purchased by bankrupt in good faith, though when actually insolvent; what constitutes good faith.

> While a purchase of goods on credit by a person who knows that he is insolvent and will not be able to pay for them, or who is in fact insolvent, but voluntarily refuses to ascertain his condition, is an essentially fraudulent transaction, and entitles the seller to reclaim his goods, a purchase by a mercantile corporation, whose managing officer, while knowing the precarious condition of its affairs, believed with some reason that they could be adjusted, so that it would continue in business, and who acted in good faith in making the purchase, lacks the elements of actual fraud which entitles the seller to reclaim the goods from its trustee in bankruptcy.

In Bankruptcy. In the matter of the Empire Grocery Company, alleged bankrupt. On petition to reclaim goods. Order of referee, denying petition, affirmed.[1]

Stoneman & Hill, of Boston, Mass., for petitioner.
Albert A. Ginzberg, of Boston, Mass., for respondent.

MORTON, District Judge. The purchase of goods on credit, by a person who knows that he is insolvent and will not be able to pay for them, is an essentially fraudulent transaction, which, as Mr. Jus-

---

⬤⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
[1] For order of referee, see 277 Fed. 1023.

tice Hoar said in Dow v. Sanborn, 3 Allen (Mass.) 181, at page 182, resembles larceny. Insolvent traders not infrequently shut their eyes to the facts about their business or fail to keep properly informed about it; sometimes deliberately, but oftener, I think, through lack of courage to face the situation. Such men keep their business going after it should have been closed, and keep obtaining on credit goods which by no possibility can be paid for. While such persons are not consciously fraudulent in making purchases on credit, the result upon those from whom they buy is the same as if they were. Good faith, which rests only on ignorance, due to a willful, or reckless, or despairing failure to face the facts, is, in proceedings of this sort, the legal equivalent of actual fraud, and entitles the seller to reclaim his goods. In re Henry Siegel Co. (D. C.) 223 Fed. 369, and cases cited. On the other hand, a merchant is not obliged to close his doors as soon as he becomes aware of his insolvency. If he faces his situation, and really believes that he can pull out by keeping on his purchases made for that purpose are not fraudulent, provided that his belief is not illusory merely, and without any reasonable ground for it.

In this case, when the goods in question were delivered, the buyer was deeply insolvent. Those in charge of it did not realize that fact. Wallace, who was its treasurer and "executive officer," seems to have kept reasonably close track of its affairs. About three months before the bankruptcy he had paid $8,500 for a half interest in the alleged bankrupt, and until less than a month before the filing of the petition against it he was trying to arrange the sale of an issue of its preferred stock. He was not aware of the unsatisfactory character of its accounts receivable, on which it made heavy losses, and, while he feared it would make a large loss on its sugar contracts, he was hoping that some way might be found to arrange or postpone the settlement of them. It is not shown that his failure to appreciate the seriousness of the company's condition was due to such ignorance of its affairs as I have referred to, nor that his expectation, at the time of these purchases, that the company would be able to continue, was so without foundation as to be fanciful and illusory. The learned referee has found that those in charge of the company's affairs acted in good faith, and upon a careful reading of the testimony I am not prepared to say that his finding is clearly wrong.

Decree affirmed.