## In re MORRILL-MASCOTT CO.

(District Court, D. Massachusetts. February 16, 1923.)

No. 30959.

1. Bankruptcy ⊂⇒140(2)—Intention not to pay for goods may ·be inferred from hopeless insolvency at time of purchase.

An intention not to pay for goods purchased may be inferred, when the purchaser· was so hopelessly insolvent at the time of the purchase that he could not reasonably have expected to pay for them without giving a preference voidable under the Bankruptcy Law, and such purchases are therefore fraudulent.

2. Bankruptcy ⊂⇒212—Referee's finding that inference of intention not to pay was rebutted held supported by evidence.

On petition to reclaim property purchased by a bankrupt, the finding of the referee that the goods were not purchased without intention to pay for them is sustained by evidence that the bankrupt had been receiving financial assistance from a stockholder, which, it must be presumed in support of the finding, was not withdrawn before the purchase of the goods, so that the inference of intention not to pay for the goods from the hopelessly insolvent condition of the bankrupt was rebutted.

In Bankruptcy. In the matter of the Morrill-Mascott Company, bankrupt. On petition for the reclamation of merchandise sold to the bankrupt. Order of the referee dismissing the petition affirmed.

See, also, 284 Fed. 976.

Wm. C. Rosen, of Boston, Mass., for petitioners for reclamation.

Trull, Wier & O'Donoghue, of Lowell, Mass., for alleged bankrupt.

BREWSTER, District Judge. This is a petition for the reclamation of certain merchandise sold to the bankrupt. The petitioner alleges that, at the time the goods were purchased by and delivered to the bankrupt, the bankrupt did not intend to pay for them, and that they were obtained fraudulently from the petitioner. The goods were delivered November 6, 9, and 10, 1922. On November 14, 1922, the bankrupt made a common-law assignment for the benefit of creditors, and on November 21, 1922, an involuntary petition in bankruptcy was filed. The referee finds that at the time the goods were purchased the bankrupt was owing about $26,000, with assets of about $7,000.

[1] It has been held in this court that an intention not to pay for goods purchased may be inferred when the financial condition of the purchaser is such that he could not reasonably have expected to pay for them without giving a preference voidable under the Bankruptcy Law. Purchases under hopelessly insolvent conditions are held to be in law equivalent to purchases with an intent not to pay, and are there-

fore fraudulent. In re Henry Siegel Co. (D. C.) 223 Fed. 369. In the opinion of Judge Morton in Re Siegel is this language:

"The intent not to pay, inferable from the financial condition of the buyer, might perhaps have been rebutted by evidence that its managers honestly expected to be able to continue, and bought the goods in an effort to do so."

[2] The referee finds that the manager of the business knew or should have known that the company was insolvent. He also finds that the manager expected a continuation of certain financial assistance which had been received in the past. This financial assistance was rendered by a stockholder indorsing notes of the bankrupt, which were discounted at a local bank. When the stockholder suddenly refused, without warning to indorse further notes, bankruptcy proceedings were the inevitable result.

It does not appear from the referee's certificate whether this financial assistance had been withdrawn prior to the receipt of the merchandise. If it had been I am of the opinion the referee would not have found, as he did, that the merchandise was bought with an intent to pay for it. It is therefore assumed that at the time the goods were received the bankrupt had reason to believe that the financial assistance would be continued.

Upon these facts the referee appears to have reached the conclusion that the inference of fraud was rebutted. This conclusion would seem to be justified, and the court is not warranted in disturbing these findings of the referee. The order of the referee dismissing the petition is affirmed.