### In re BARNET MFG. CO.
### Petition of SILVERBERG BROS.

(District Court, D. Massachusetts.  February 24, 1926.)

#### No. 35177.

**1. Bankruptcy ⊂⊃228.**

Findings of referee must stand, unless plainly wrong on the facts, or based on fundamentally erroneous view of law.

**2. Contracts ⊂⊃94(3).**

Material misrepresentations, which are relied on and enter contract, avoid contract, regardless of fraud.

**3. Contracts ⊂⊃94(3)—Misrepresentations relating solely to inducements to contract, without becoming part thereof, do not furnish grounds for rescission, unless fraud is shown.**

Misrepresentations relating solely to inducements to contract, without becoming part thereof, such as solvency or financial standing, do not avoid contract, or furnish grounds for rescission, unless fraud is shown.

**4. Sales ⊂⊃44, 45.**

Purchase of goods, intending not to pay therefor, or purchasing on credit, when buyer knows he cannot pay, is fraud.

**5. Bankruptcy ⊂⊃212—In reclamation proceedings, bankrupt's bad faith in making representations as to its financial condition, which induced sale by claimant, held not proved.**

In reclamation proceedings, evidence *held* to sustain referee's finding that bankrupt was not shown to have acted in bad faith in making representations as to its financial condition, which induced sale by claimant within two months of institution of bankruptcy proceedings.

In Bankruptcy. In the matter of the Barnet Manufacturing Company, bankrupt.

On petition of Silverberg Bros. to reclaim goods. Order of referee against petitioners affirmed.

Thomas M. Vinson, of Boston, Mass., for Silverberg Bros.

Joseph L. Hermanson, of Boston, Mass., for trustee.

MORTON, District Judge. The goods in question were bought by the bankrupt about July 20, 1925, and were delivered to it about August 1, 1925. The bankruptcy proceedings were instituted on September 17, 1925, following a common-law assignment on that date.

[1] The referee has found against the claimant, and his findings must stand, unless plainly wrong on the facts, or based on some fundamentally erroneous view of the law. Neither of these is shown.

[2-4] The misrepresentation relied on by the claimant as avoiding the sale consists of alleged oral statements by the manager of the bankrupt to the claimant that its net assets were from $20,000 to $30,000. There is a distinction between misstatements which enter into a contract and become part of it, and those which relate only to inducements to the contract.[1] As to the former a material misstatement, which is relied upon, avoids the contract, because the stated subject-matter or terms of it did not in fact exist. In such cases it is not necessary to show fraud. Misrepresentations of the latter sort stand on a different footing. They may relate to matters of much importance, but, not being part of the contract, it is not avoided by them, unless they were fraudulently made. Statements as to solvency and financial standing are of this character. They do not furnish a ground of rescission, unless shown to have been fraudulent. Going through the form of purchasing goods, while intending not to pay for them, is, of course, a fraud; and purchasing goods on credit, when the buyer knows that he cannot pay for them, amounts to the same thing. In re Siegel Co. (D. C.) 223 F. 369.

[5] In this case the bankrupt had a statement from its books prepared by a public accountant, apparently for its own information, on or about August 13, 1925. It showed an equity in the business of about $13,000. In the schedules in bankruptcy the assets are given as $10,000, and the liabilities as $18,-

---

[1] This distinction has sometimes been lost sight of, and there is conflict of authority. See Williston on Sales (2d Ed.) § 632.

000. How this difference of about $21,000 came about is not satisfactorily explained. Some of it may be due to lower valuations of the merchandise on hand; but this hardly seems an adequate explanation for such a large difference. The statement of condition may have been in error; but, if so, the evidence does not show that the managers of the bankrupt were aware of that fact. The learned referee was not satisfied that they acted in bad faith in this transaction. Enough has been said to indicate that this finding cannot be set aside as plainly wrong. Indeed, upon the evidence reported, I should reach the same conclusion.

Without at all receding from the opinion, which I have several times expressed, that the purchase of goods on credit by a person who is deeply insolvent and knows it is presumptively fraudulent, I agree with the learned referee in thinking that the claimant has not made out such a case.

Order affirmed.