In re JAMES BUTLER GROCERY CO.
No. 27789.

District Court, E. D. New York.
May 6, 1935.

Carl John Herkert, of New York City, for petitioner.

Morgan & Lockwood, of New York City (Alfred J. L'Heureux, Harding Cowan, and Sidney J. Kaplan, all of New York City, of counsel), for debtor.

BYERS, District Judge.

This is a motion in a debtor proceeding under section 77B, Bankruptcy Act (11 USCA § 207) for an order directing the payment of the petitioner's claim forthwith. The claim is for canned goods sold on March 18, 1935, amounting to $198.25 plus freight $7.99, making $206.24 in all, and the invoice reads: "Terms 1½% 10 days ¼ of 1% in lieu of swells * * * if paid on or before 3/29/35 a cash discount of 2.97 will be allowed."

The due date of the face amount of the invoice is not stated.

The goods were shipped by truck from Swedesboro, N. J., on March 18, 1935, and delivery to the truckman in that place constituted unconditional appropriation of the goods to the contract (New York Personal Property Law [Consol. Laws N. Y. c. 41], § 100, which is the applicable provision of the Uniform Sales Act, likewise in force in New Jersey [4 Comp. St. N. J. 1910, p. 4651, § 19]).

On the afternoon of that day, the directors of the debtor authorized the filing of the petition herein, and on the following day, in the afternoon after 3:00 o'clock, filing took place, and a temporary order was signed approving the petition as having been filed in good faith, and continuing the debtor in possession.

The order directed that the books be closed as of midnight March 17, 1935 (Sun-

810

day) and that new ones be opened as of that hour.

The petitioner will be seen to seek the position of a creditor in reclamation as in Re Henry Siegel Co. (D. C.) 223 F. 369, upon the theory that, when the debtor received these goods, it knew itself to be insolvent, and must be deemed to have intended a cash payment which would have been fraudulent as to other creditors, and hence rescission must be ordered, which can be effective only by directing payment in full forthwith.

The rule applicable in this circuit in ordinary bankruptcy proceedings has been recently stated in California Conserving Co. v. D'Avanzo (C. C. A.) 62 F.(2d) 528, at page 530, where the decisions are recapitulated. The court observes that, if the buyer "believes his position to be desperate, and if he understands his promise [to pay] to mean what it normally would, the seller may rescind."

No good reason appears to suppose that a different rule should apply to debtor proceedings under section 77B in view of the manifest tendency of insolvent corporations to have resort thereto in many instances in which ordinary bankruptcy proceedings alone would be appropriate.

That rule will govern the disposition of this motion.

Nothing appears, from the affidavit upon which the motion is based, to justify the inference that this debtor must have known, on the day that the order was placed, that the promise to pay for the merchandise was a deceitful one. The statement of condition filed with the petition of the debtor reveals solvency by a substantial margin; therefore, it would be impossible to impute to the debtor a knowledge to the contrary. At most, it is a knowledge of inability to pay debts as they mature, but that is not the equivalent of knowledge that they cannot be paid in full. The theory of this petition is that they can be so paid, and will be.

It is not intended to suggest that circumstances might not be shown in which even the averments of a petition might be thought to be compatible only with a fraudulent intent with respect to creditors becoming such on the eve of filing, but no such showing is here made.

Manifestly a debt contracted before the filing cannot be treated as an administration expense, even though the debtor be continued in possession.

The motion therefore will be denied, for failure of prima facie showing.

Settle order.