## In re MYLEY ELECTRICAL SUPPLY CO., Inc.

(District Court, E. D. New York. June 25, 1923.)

**Bankruptcy ⬡140(2)—Grounds for reclamation of goods procured by fraud.**

To entitle a seller of goods to reclaim them from the trustee in bankruptcy of the purchaser, on the ground that they were procured by fraud, where no representations were made, it is necessary to prove that bankrupt was insolvent when the purchase was made, that such fact was concealed from claimant, and that bankrupt then intended not to pay for the goods, and failure to prove the requisite element of insolvency defeats the right of reclamation.

In Bankruptcy. In the matter of the Myley Electrical Supply Company, Inc., bankrupt. On report of special commissioner recommending denial of petition of Max Shaffer for reclamation of property. Report confirmed.

Samuel Evans Maires, of Brooklyn, N. Y., and Albert M. Lee, of New York City, for trustee in bankruptcy.

Ross & Kaufman, of New York City (Arthur Leonard Ross, of New York City, of counsel), for claimant.

GARVIN, District Judge. There is before the court the report of a special commissioner recommending that the petition of Max Shaffer, trading as Max Shaffer Company, for an order directing the trustee to pay over to him $2,773.70, the proceeds of merchandise sold by the receiver under a stipulation between the parties, be denied. The petitioner contends that the goods were obtained from him by the bankrupt through fraud; that when they were bought the bankrupt was insolvent, failed to disclose its insolvency, and had no intention of making payment.

On December 28, 1921, a salesman of petitioner called upon the bankrupt, without solicitation, and obtained an order for goods amounting to $4,168.24. The general manager of the bankrupt gave the order, requesting that shipment be rushed. The goods were to be shipped from West Virginia, and the bankrupt entitled to free delivery. When notice of arrival was received, the bankrupt itself sent for the goods and obtained them from the railroad station upon paying freight charges of $103.58. The petitioner claims that this action resulted in depriving him of his right to stop the goods in transit. Under such a claim petitioner must prove: First, insolvency of bankrupt when purchase was made; second, concealment of insolvency from claimant; third, intention on the part of bankrupt at the time of sale not to pay for the goods. In re K. Marks & Co., 33 Am. Bankr. Rep. 275, 218 Fed. 453, 134 C. C. A. 253. The commissioner has found as a fact that insolvency was not established, because it was found impossible to prove the amount of merchandise on hand belonging to the bankrupt, on December 28, 1921, and points out that numerous other reclamation proceedings have been unsuccessful for the same reason. In the absence of proof of this necessary element, neither concealment of insolvency nor intention not to pay has been established.

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It appears, further, that petitioner filed a proof of claim after the reclamation proceeding was brought, and sought to vote upon the election of a trustee. This action is a complete bar to the pending proceeding. After the report of the commissioner was filed, when the trustee moved to confirm, the petitioner made a cross-motion to have the matter reopened and referred back to the commissioner for further testimony and report. This was allowed by the court, a rehearing was held, and the petitioner attempted to prove insolvency by offering in evidence the report of the special commissioner (the commissioner in this proceeding) in a turnover proceeding which had been instituted against Moses Schier. This was properly excluded for reasons set forth in the report of the commissioner filed May 3, 1923, which report renews the previous recommendation that the relief sought by the petitioner be denied.

The motion to confirm the report of the special commissioner is granted.